UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLI HOLT,

       Plaintiff,

                                      Case No. 1:25-cv-585

v.

                                      Hon. Paul L. Maloney

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on Magistrate Judge Sally J. Berens's Report and Recommendation (R&R) (ECF No. 21). In the R&R, Magistrate Judge Berens recommends affirming the final decision of the Commissioner of Social Security, which denied benefits. Plaintiff filed objections (ECF No. 22). The Court will adopt the R&R and will affirm the Commissioner's final decision.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Plaintiff raises a single objection.  The ALJ declined to give the opinions of Holt's treating physicians controlling weight under the treating physician rule.[1]  Judge Berens reviewed the ALJ's analysis of this rule in her report, and she recommended affirming his decision.  Holt argues in her objections that the ALJ (and also the Magistrate Judge) failed to give her treating physicians' opinions proper weight.  The court overrules Holt's objection.

Holt refers to medical records allegedly overlooked by the PageID numbers generated by the court's electronic filing system.  Examining those page numbers establishes that the ALJ did consider the medical records referenced by the treating physicians.  In the discussion of Dr. Zouabi's March 2016 records, ALJ acknowledged that Dr. Zouabi referenced an MRI of Holt's lumbar spine.  The ALJ then explained why he found the reference insufficient to support Dr. Zouabi's conclusions.  Similarly, in the discussion of Dr. Cheemba's February 2016 records, the ALJ acknowledged that Dr. Cheemba mentioned that Holt suffered from lumbar disc disease and lower back pain.  The ALJ then explained why he did not assign controlling weight to the opinion.

Holt also argues in his objection that the opinions provided by Holt's treating physicians are supported by notes from a physical therapist made in February 2017 that indicate an unsteady gait, weakness in certain muscles, and altered sensation in Holt's right lower extremity.  Holt does not explain how the observations of a physical therapist in March 2017 establishes that the ALJ failed to assign the proper weight to the opinion of a treating physician.  Dr. Zouabi's notes (literally, "To whom it may concern" ECF No. 7-13

---

[1]    Both parties and the ALJ agree that the treating physician rule applies to Plaintiff's claim, which she filed in June 2015.

PageID.1069; ECF No. 7-14 PageID.1211) do not reference any medical evidence.  Neither Dr. Cheema in March 2017 nor Dr. Zouabi in September 2017 referenced the physical therapist's observations.  It is well-settled that an ALJ need not evaluate each piece of conflicting evidence to show that the entire record was considered.  *See Bayes v. Comm'r of Soc. Sec.*, 757 F. App'x 436, 445 (6th Cir. 2018).

The court **ADOPTS** the report and recommendation.  ECF No. 21. The court **AFFIRMS** the decision of the Commissioner.  **IT IS SO ORDERED**.

Dated:    July 23, 2026                              /s/ Paul L. Maloney
                                                     PAUL L. MALONEY
                                                     UNITED STATES DISTRICT JUDGE